# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### MISCELLANOUS CASE NO. 3:19-mc-00054-MR

FILED
CHARLOTTE, NC

NOV 01 2023

US District Court
Western District of NC

| | |
|---|---|
| IN RE: STANDING ORDER OF INSTRUCTIONS REGARDING *PRO SE* PRISONER CIVIL ACTIONS )  )  )  )  )  ) | **STANDING ORDER** |

**THIS MATTER** is before the Court to advise those plaintiffs, who are *pro se* prisoners filing civil actions, of several essential requirements of proceeding in this Court.

**IT IS, THEREFORE, ORDERED** as follows:

1.    It is the Plaintiff's responsibility to become familiar with the applicable rules and procedures, including the Federal Rules of Civil Procedure and this Court's Local Rules, which are available on its website, http://www.ncwd.uscourts.gov/.

2.    A prisoner who brings a civil action is required to pay the full filing fee, even if he/she has been permitted to proceed *in forma pauperis* without having to prepay the fee. *In forma pauperis* status does not mean that the fee is forgiven. In the event that the prisoner is unable to pay the full filing fee at the time the action is filed, the Court is required to assess an initial partial filing

fee and, after that is made, the prison at which the prisoner is incarcerated is required to forward to the Clerk's office monthly payments of 20% of the preceding month's income credited to his account until the full filing fee is paid. These payments will be automatically withdrawn from the prisoner's trust account and will be forwarded to the Clerk of Court. The filing fee is due the moment that a complaint or notice of appeal is filed; the full filing fee will be assessed regardless of how the matter is disposed of including by voluntary dismissal. In addition, a prisoner litigant may be barred from proceeding *in forma pauperis* under the "three strikes"[1] rule and/or as a sanction for abusive or vexatious filings.

3.    It is the Plaintiff's responsibility to keep the Court advised of his/her current address at all times. A change of address must be labeled "Notice of Change of Address" and must not include any motions or information except for the new address and the effective date of the change. The Court does not know if the Plaintiff is transferred, released, or placed on probation, etc., unless a Notice of Change of Address is filed. If the Plaintiff's address changes and no Notice is promptly filed with the Clerk of Court, the case may be dismissed for lack of prosecution.

---

[1] See 28 U.S.C. § 1915(g).

4.      All documents filed in the case must include the case number at the top of the first page. The Plaintiff must send the original document to the Clerk of Court, and a copy to each of the parties. No original document should be sent directly to a Judge. Only documents properly filed with the Clerk of Court will be docketed in this case. Documents shall include only one civil case number, and any document listing multiple case numbers may be returned or stricken. If the Plaintiff wishes to have a file stamped copy returned for his or her records, the Plaintiff shall provide an extra copy of the document to the Clerk of Court.

5.      Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court.

6.      The Plaintiff and his/her family and friends must not call any Judge's office for any reason. No information about the case can be obtained from the Judge's office. Brief questions about case status may be directed to the Clerk of Court; however, no Court employee can provide legal advice to any litigant.

7.      It is the Plaintiff's responsibility to actively pursue his/her case, obtain any essential discovery in compliance with the applicable rules and procedure, file necessary pleadings and motions, comply with Court orders, refrain from making frivolous or duplicative filings, and expeditiously prepare the case for trial. See, e.g., LCvR 26.1 ("[O]fficial Court-enforceable discovery does not commence until issuance of the Scheduling Order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert

witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) the materials are needed for an in-Court proceeding; or (3) the materials are filed to support or oppose a motion or petition."); Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."). Sanctions for abusive litigation may include a prefiling injunction.

8. Premature, misdirected, or otherwise improper filings will not be permitted. See generally Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

9. If the Plaintiff makes a filing that references an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, the Plaintiff may include only: (1) the last four digits of the social-security number and

4

taxpayer-identification number; (2) the year of the individual's birth; (3) the

minor's initials; and (4) the last four digits of the financial-account number.

10.    Failure to comply with this or any other Court Order and/or

applicable rules may result in sanctions up to and including dismissal of the

action.

11.    The Clerk of Court is hereby instructed not to issue any summonses

or subpoenas on behalf of the *pro se* Plaintiff until specifically ordered by the

Court.

**IT IS SO ORDERED this the** __/__ **day of** _November_ __, 2023.


Martin Reidinger
Chief United States District Judge